Frederick O. Silver
21905 MOUNTAIN HWY E , UNIT 4143
SPANAWAY, WA 98387-7583
E-Mail: ASCLV1@gmail.com
Tel: (702) 473-0365

# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON.
# AT TACOMA.

***

| FREDERICK O. SILVER.            | Case 3:25-cv-05112-JNW |
| Plaintiff, vs.                  |                        |
| MARCO ANTONIO RUBIO in their official and individual capacity, **and** ROBERT F. KENNEDY JR., in their official and individual capacity, | **AMENDED COMPLAINT** |
| Defendants.                     | **Jury Trial Demanded** |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND PRELIMINARY INJUNCTION.

**I. INTRODUCTION**

Plaintiff Frederick O. Silver, a U.S. citizen, respectfully requests that this Court issue an immediate Temporary Restraining Order (TRO) and Preliminary Injunction to prevent the Defendants from continuing to deprive Plaintiff of a U.S. passport, which has resulted in severe hardship, including the inability to obtain employment, professional licenses, and travel for necessary personal and professional reasons.

Defendants have denied Plaintiff's fundamental rights without due process, violating the Fifth and Fourteenth Amendments, as well as federal statutory law. Immediate relief is necessary to prevent further irreparable harm.

## COMPLAINT FOR DEPRIVATION OF CONSTITUTIONAL RIGHTS (BIVENS ACTION, 42 U.S.C. § 1983, & ADMINISTRATIVE PROCEDURE ACT VIOLATIONS)

### I. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this case arises under the U.S. Constitution and federal law.

Plaintiff brings claims under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which allows lawsuits against federal officials for constitutional violations.

Venue is proper under 28 U.S.C. § 1391 because the events giving rise to this claim occurred in Washington, and the Defendants are federal officials acting under color of law.

### II. THE PARTIES.

1. Frederick O. Silver, hereinafter "Plaintiff" is a Naturalized Citizen of the United States of America, residing in Washington applied and paid the fees for a United States Travel Passport book and a Passport card. Plaintiff Application for a United States Travel Passport book and a Passport card Document with Receipt # **117830760**.

2. Defendant Marco Antonio Rubio: is the United States Secretary of State and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). U.S. Department of State is responsible for issuing United States Travel Passport book and a Passport card Document and enforcing 22 C.F.R. § 51.60(a)(2), which denies passports to individuals allegedly owing child support.

3. Defendant Robert F. Kennedy Jr. is the current Secretary of the U.S. Department of Health and Human Services (HHS), and oversees the child support enforcement program and reported Plaintiff as ineligible for a passport due to alleged child support debt.

4. At all relevant times, All named defendants, acted through its duly Authorized Agents,

Employees, Officers, Members, Directors, Heirs, Successors, Assigns, Secretary, Principals, Trustees, Sureties, Subrogates, Representatives, and Insurers.

### III. GENERAL FACTUAL ALLEGATIONS.

5. Plaintiff applied and paid the application fees for a United States Travel Passport book and a Passport card Document with Receipt # **117830760.**

6. Plaintiff received a letter from the U.S. Department of State stating that the denial was based on a report from the U.S. Department of Health and Human Services (HHS), which claimed Plaintiff owed past-due child support.

7. Plaintiff is not aware of any Child that he is the father to or being to Court for Child support., does not owe the stated amount, was not notified of the debt, or had no opportunity to dispute the Claim as no document was ever presented to plaintiff.

8. Plaintiff requested a Hardship Exception, but Defendants failed to process or consider the request.

9. Due to the denial of Plaintiff's passport, Plaintiff has been unable to:
   - Obtain employment requiring proof of U.S. citizenship.
   - Secure certain professional licenses that require a U.S. passport as proof of identity.
   - Travel for urgent personal or professional reasons.

10. Defendants have failed to provide Plaintiff with a fair opportunity to contest the passport denial, violating Plaintiff's due process rights.

### IV. CLAIMS FOR RELIEF
### COUNT I – BIVENS ACTION: §1983 – FIFTH AMENDMENT - DEPRIVED OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW

11. Plaintiff repeats, realleges, and incorporates the averments contained in all the above paragraphs of his Complaint and Request for Injunction as though fully set forth herein.

12. Under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), Plaintiff has a direct **Cause of action** against federal officials for constitutional violations.

13. At all times relevant herein, the Plaintiff enjoyed all rights and privileges of a Citizen of the United States, including the right **Not** to be deprived of life, liberty, or property, without due process of Law.

14. Defendants, acting under color of federal law, have deprived Plaintiff of a fundamental right to travel and procedural due process, in violation of the Fifth Amendment.

15. Defendants, as described hereinabove, individuals and in concert with each other, denied and deprived Plaintiff of life, liberty, or property, without due process of law pursuant to the rights and guarantees set forth in the Fifth Amendment to the United States Constitution.

## COUNT II
## §1983 – 14TH AMENDMENT- CITIZENSHIP RIGHTS, EQUAL PROTECTION, APPORTIONMENT, CIVIL WAR DEBT.

16. Plaintiff repeats, realleges, and incorporates the averments contained in all the above paragraphs of his Complaint and Request for Injunction as though fully set forth herein.

17. Defendants' actions were arbitrary, capricious, and an abuse of discretion, in violation of the Administrative Procedure Act (APA), 5 U.S.C. § 706.

18. At all times relevant herein, the Plaintiff enjoyed all rights and privileges of a citizen of the United States, including the right of All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

19. The unreasonable denial by defendants has caused Plaintiff to suffer freedom of life, liberty to travel, and ability to acquire property.

20. Plaintiff does not have any document that would show proof of citizenship.

21. Plaintiff is unable to obtain a professional license as he does not have any documents to show as proof of citizenship.

22. Plaintiff is unable to Travel because he would not be able to show proof of Country of citizenship.

23. Plaintiff has not been able to apply for any licenses that requires him to show proof of his United States of America citizenship.

## COUNT IV – FAILURE TO GRANT HARDSHIP EXCEPTION (22 C.F.R. § 51.70 & 5 U.S.C. § 555 VIOLATION)

24. Plaintiff repeats, realleges, and incorporates the averments contained in all the above paragraphs of his Complaint and Request for Injunction as though fully set forth herein.

25. Under 22 C.F.R. § 51.70, Defendants have discretionary authority to issue passports under exceptional circumstances.

26. Under 22 C.F.R. § 51.70, Defendants have discretionary authority to issue passports under exceptional circumstances.

## COUNT V – UNLAWFUL RESTRICTION ON EMPLOYMENT AND OCCUPATIONAL LICENSING

27. Plaintiff repeats, realleges, and incorporates the averments contained in all the above paragraphs of his Complaint and Request for Injunction as though fully set forth herein.

28. Many employers and licensing boards require a U.S. passport as proof of citizenship, and Plaintiff has been unfairly deprived of these opportunities.

29. By denying Plaintiff's passport without due process, Defendants have unlawfully restricted Plaintiff's ability to seek employment and obtain professional licenses.

## V. REQUEST FOR EMERGENCY RELIEF / PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court issue a Temporary Restraining Order (TRO) and Preliminary Injunction to immediately: Plaintiff respectfully requests that this Court:

Prohibit Defendants from enforcing the passport denial against Plaintiff.

1. Order the U.S. Department of State to immediately process and approve Plaintiff's passport application under a Hardship Exception.
2. Restore Plaintiff's ability to obtain employment and professional licenses that require proof of citizenship.
3. Prevent further irreparable harm while this case is litigated.

**Plaintiff meets the standard for emergency injunctive relief because:**

- Likelihood of Success: Defendants violated Plaintiff's constitutional rights.
- Irreparable Harm: Plaintiff is suffering immediate financial and personal harm due to passport denial.
- Balance of Hardships: The harm to Plaintiff outweighs any inconvenience to Defendants.
- Public Interest: Ensuring constitutional rights and due process serves the public interest.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests:

**A.** A Temporary Restraining Order (TRO) and Preliminary Injunction to stop Defendants from enforcing the passport denial;

B. A declaration that Defendants violated Plaintiff's constitutional rights;

C. Compensatory and punitive damages for lost wages and hardship;

D. Any's fees and costs under 42 U.S.C. § 1988; and

E. Any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: this 13th Day of February 2025.

Frederick O. Silver
21905 MOUNTAIN HWY E ,UNIT 4143
SPANAWAY, WA 98387-7583
E-Mail: ASCLV1@gmail.com
Tel: (702) 473-0365