District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FREDERICK O. SILVER,

                    Plaintiff,

      v.

MARCO ANTONIO RUBIO, in his official
and individual capacity, and ROBERT F.
KENNEDY JR., in his official and individual
capacity,

                    Defendants.

Case No. 3:25-cv-05112-JNW

DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT-MATTER
JURISDICTION AND FOR FAILURE TO
STATE A CLAIM

Noted for Consideration:
June 2, 2025

This action arises out of *pro se* Plaintiff Frederick O. Silver's (Silver) complaint that the United States Department of State (State Department or State) improperly denied his passport. Silver's application was denied due to unpaid child support obligations after the United States Department of Health and Human Services (HHS) certified that Silver owed a debt over $2,500. In particular, HHS's certification was based on records from the State of Nevada, which in September 2019, showed that Silver owed approximately $3,000. As of April 2025, Nevada has certified that Silver owes more than $40,000 in unpaid child support debt.

Silver has no viable cause of action because per the relevant statute, the State Department **must** deny a passport to anyone who owes more than $2,500 of child support. And if an

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    individual believes that a certification is improper, they must seek redress from the state

2    certifying the debt—here, that would be Nevada.  Silver never alleges he did that.

3        Silver has not pled how the government waived sovereign immunity, nor could he

4    because the statute at issue explicitly preserves it.  Further, he has not pled facts sufficient to

5    support any of his legal claims.  For these reasons and those provided below, the Court should

6    dismiss the complaint with prejudice.  This motion is supported by the Declarations of Scott

7    Hale, Federal Collect and Enforcement Manager, HHS Office of Child Support Services (Hale

8    Decl.), and Paul Peek, Director of the Office of Adjudication, Bureau of Consular Affairs, at the

9    State Department (Peek Decl.).[1]

10                            **I.        LEGAL BACKGROUND**

11        The Passport Denial Program (the Program) is part of the Federal Collections and

12    Enforcement Program and helps states enforce past-due support obligations.  *See Overview of the*

13    *Passport Denial Program*, ADMIN. FOR CHILDREN & FAMILIES, U.S. DEP'T OF HEALTH & HUMAN

14    SERVICES, https://www.acf.hhs.gov/css/training-technical-assistance/overview-passport-denial-

15    program (last visited April 14, 2025).  The Program is administered by HHS's Administration for

16    Children & Families, Office of Child Support Services (OCSS).[2]  *See id.*  It was established by

17    Congress in the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, P.L.

18    104-193, § 370, 110 Stat. 2251–52 (Aug. 22, 1996), which was codified at 42 U.S.C. § 652(k),

19    the statute that is relevant here.

20        Section 652(k) is titled "Denial of Passports for Nonpayment of Child Support" and

21    provides as follows:

22    _____

23    [1] The government's Rule 12(b)(1) motion is a facial attack as it is based on the pleadings taken as true.  Nonetheless, the government has provided declarations in support of its motion simply to provide factual context to the issues here, including the timeline of the events that Silver raises.  There do not appear to be any facts actually in dispute.

24    [2] This is formerly known as Office of Child Support Enforcement.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

(1) If the Secretary[3] receives a certification by a State agency in accordance with the requirements of section 654(31) of this title that an individual owes arrearages of child support in an amount exceeding $2,500, the Secretary shall transmit such certification to the Secretary of State for action (with respect to denial, revocation, or limitation of passports) pursuant to paragraph (2).

(2) The Secretary of State shall, upon certification by the Secretary transmitted under paragraph (1), refuse to issue a passport to such individual, and may revoke, restrict, or limit a passport issued previously to such individual.

(3) The Secretary and the Secretary of State shall not be liable to an individual for any action with respect to a certification by a State agency under this section.

42 U.S.C. § 652(k).

The Program is part of the Child Support Enforcement Program (CSEP), which is a cooperative effort among state child support enforcement authorities, HHS's OCSS, and the Department of Treasury's Financial Management Service.[4]  OCSS is authorized and defined by Title IV-D of the Social Security Act, 42 U.S.C. §§ 651-669b (2014).  42 U.S.C. § 651.  Its purpose is to "enforce the support obligations owed by noncustodial parents to their children and assure that assistance in obtaining support will be available to all children for whom such assistance is requested."  *Id.*  (cleaned up).

In connection with the CSEP, the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 provides states and the United States government with passport denial authority as a child support collection tool.  42 U.S.C. § 652(k).  Thus, it is up to the states—which administer their respective child support enforcement programs—to certify individuals owing in excess of $2,500 in child support arrearages for inclusion in the CSEP database that HHS maintains for reference by various federal agencies, which  check for, among other things, passport eligibility.

---

[3] Pursuant to 42 U.S.C. § 1301(a)(6), "[t]he term 'Secretary,' except when the context otherwise requires, means the Secretary of Health and Human Services."  42 U.S.C. § 1301(a)(6).

[4] *See* About, US HHS Programs (Sept. 18, 2015), https://www.acf.hhs.gov/programs/css/about.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM [Case No. 3:25-cv-05112-JNW] - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    Neither State nor OCSS conduct any independent investigation regarding the arrearages

2    that are certified and reported by the states.  In addition, individuals that a state identifies as

3    owing more than $2,500 are automatically included in the CSEP Database unless the state

4    instructs otherwise.  Congress afforded due process protections in the OCSS by requiring that

5    "each individual [obligor] concerned is afforded notice of such determination and the

6    consequences thereof, and an opportunity to contest the determination."  42 U.S.C. § 654(31)(a).

7    That opportunity to contest must be made available by the appropriate individual state child

8    support enforcement agency.  Individual states or OCSS also send a pre-offset notice to every

9    obligor before the federal government takes any action under the Federal Offset programs or the

10   CSEP database.  After the expiration of the period of time specified in the notice, if the relevant

11   state agency does not provide OCSS with additional instructions, OCSS shares the certification

12   with DOS by adding it to the CSEP Database.[5]

13   If an individual has been certified by OCSS as owing a child support debt greater than

14   $2,500, 42 U.S.C. § 652(k)(2) requires State to deny that person a passport or passport renewal.

15   *See* 42 U.S.C. § 652(k); 22 C.F.R. § 51.60(a)(2).  In connection with child support enforcement,

16   State may revoke, restrict, or limit a passport that was previously issued to an individual who is

17   in the CSEP Database.  *Id.*  The request to add visa pages to a valid U.S. passport is considered

18   an additional passport request akin to a new passport application, because State reviews all

19   eligibility requirements in connection with each request.  As such, State must also take restrictive

20   passport actions in connection with applications for passport renewal or application for

21   additional visa pages.

22

23

24   [5] HHS's declarant provides additional information regarding the specifics of this program.  *See* Hale Decl., ¶¶ 3-6, 9, Ex. A.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    If the application is for renewal of an existing passport or a revision to an existing

2    passport, and DOS determines that HHS included the applicant in the CSEP database, then DOS

3    will notify the applicant of such.  If the applicant fails to resolve the child support arrearage

4    within a set amount of time, then it will result in a denial of any pending passport application or

5    application for services.

6    The Passport Denial Program does not allow for any discretion or exceptions in the

7    process.  Under the Program, a state child support enforcement agency must submit certified

8    debts exceeding $2,500 to OCSS.  42 U.S.C. § 652(k)(1); *see also* 42 U.S.C. § 654(31) (noting

9    that "the State agency will have in effect a procedure for certifying to the Secretary, for purposes

10   of the procedure under 652(k) of this title, determinations that individuals owe arrearages of

11   child support in an amount exceeding $2,500").  In turn, OCSS must transmit the state-agency

12   certifications to the State Department.  42 U.S.C. § 652(k)(1) (noting that the "Secretary *shall*

13   transmit such certification to the Secretary of State for action") (emphasis added).  Thereafter,

14   the State Department must deny a pending application from any debtor listed in the CSEP

15   database.  42 U.S.C. § 652(k)(2) (noting that the Secretary of State "*shall*, upon certification by

16   the Secretary transmitted under paragraph (1), refuse to issue a passport to such individual, and

17   may revoke, restrict, or limit a passport previously issued to such individual") (emphasis added).

18                          **II.        FACTUAL BACKGROUND**

19   Silver brings a number of claims against the Secretary of State and the Secretary of

20   Health and Human Services because the State Department denied his passport application.[6]

21   Nevada currently lists an outstanding child support matter against an individual with the same

22   name and social security number as Silver.  Hale Decl., ¶ 7.  That matter has been open since

23

24   ――――――――――――――――――
[6] For clarity's sake, the government refers to State or the State Department and HHS rather than Secretary Rubio or Secretary Kennedy, respectively.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    May 6, 2019, and it originally showed arrears owed as $557.  *Id.*  HHS OCSS sent a pre-offset

2    notice to Silver on behalf of the State of Nevada on or around May 14, 2019.  *Id.*  It would have

3    notified Silver that based on state records, he owed past child support and that once the debt was

4    certified, State could not issue him a passport.  *Id.*  It would have also explained that he could

5    contest this determination before an appropriate Nevada state agency within a prescribed amount

6    of time.  In September 2019, Nevada updated the amount to $3,009 and OCSS submitted Mr.

7    Silver to the State Department for passport denial.  *Id.* at ¶ 8.  Nevada last updated the matter on

8    April 14, 2025, which currently shows an arrearage owed of $41,838.  *Id.*

9         On November 24, 2021, State notified Silver that he was ineligible to receive passport

10    services because of HHS's certification.   Decl., ¶ 2, Ex. A.  That notice provided the legal

11    authority for State's decision and contact information for making his child support obligations

12    current or addressing the matter to HHS.  *Id.*  Silver sent a response to State disputing the

13    certification and demanding "proof."  *Id.* at ¶ 3, Ex. B.  State responded on January 18, 2022, and

14    March 9, 2022, stating that his eligibility has not changed, and that State's decision could not be

15    reviewed or appealed.  *Id.* at ¶¶ 4, 5, Exs. C, D.  State further explained that Silver would need to

16    seek clarification through either the "individual state child support enforcement agency" or the

17    "Department of Health and Human Services."  *Id.* at Ex. D.  Defendants are not aware of any

18    additional actions by Silver since March 2022, nor does Silver plead any.  Defendants are also

19    not aware of any efforts by Silver to contest the determination before the State of Nevada.

20         In his Amended Complaint for a Civil Case (Dkt. 8), Silver seeks relief under the

21    following theories: (1) a claim pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403

22    U.S. 388 (1971), for violation of his Fifth Amendment right to travel; (2) a 42 U.S.C. § 1983

23

24

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1  claim based on the Fourteenth Amendment and/or an Administrative Procedure Act (APA)[7]

2  claim; (3) a failure to grant a hardship exception, which the government understands to be

3  another APA claim; and (4) unlawful restriction on employment, which the government

4  understands to be another Fifth Amendment due process challenge.[8]

5      Silver's Amended Complaint is premised on a fundamental misunderstanding of the

6  Passport Denial Program and the government's role in the same, and it fails for numerous

7  reasons:

8      • First, Silver does not plead any waiver of sovereign immunity. Further, his claims

9  are barred by statutory immunity pursuant to the plain language of 42 U.S.C. § 652(k)(3), which

10  provides that both State and HHS "shall not be liable to an individual for **any action** with respect

11  to a certification by a State agency [for nonpayment of child support]."  42 U.S.C. § 652(k)(3)

12  (emphasis added).

13      • Second, Silver has failed to state a *Bivens* claim because he does not make any

14  allegations about any government official in their individual capacity acting under color of law.

15  And to the extent Silver means to mount a constitutional challenge instead, any Fifth

16  Amendment due process claim is likewise barred because the freedom to travel internationally is

17  subject to regulation.  Congress has the substantive authority to regulate the issuance of

18  passports, the applicable statutory scheme afforded Plaintiff notice and an opportunity to be

19  heard concerning his child support obligations through the state child enforcement agency, which

20  issued the certification that led to denial of the passport, and Silver does not allege he took

21  advantage of those processes.  Any additional procedural due process is futile as HHS and

22  State's role in the Passport Denial Program is strictly ministerial, rather than adjudicatory.

23  _____

[7] Silver titles Count II as a § 1983 claim under the 14th Amendment, but he cites to the APA in the description of the Count.  *See* Amd. Compl., ¶ 17.  The government therefore addresses both.

24  [8] Silver labels these as Count I, Count II, Count IV, and Count V, omitting Count III.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    •    Third, Silver's § 1983 claim fails because that statute applies only to state officers

2    acting under color of state law, not to federal officers or agencies.  And if Silver intended to

3    bring an independent Fourteenth Amendment Equal Protection Clause claim it fails because he

4    has not pled any facts demonstrating the requisite elements of such a claim and it cannot be

5    brought against the federal government.

6    •    Fourth, Plaintiff's APA claim fails because 42 U.S.C. § 652(k)(2) *requires* State

7    to refuse to issue a passport to an individual owing arrearages of child support in an amount

8    exceeding $2,500.

9    •    Finally, to the extent Silver intended to raise some other claim, it too would fail

10   for being inadequately described and failing to allege facts sufficient to state a claim upon which

11   relief may be granted.

12   Accordingly, the Court should dismiss the Amended Complaint for lack of subject-matter

13   jurisdiction and failure to state a claim upon which relief may be granted.

14                    **III.        LEGAL STANDARDS**

15   **A.    Motion to dismiss for lack of subject-matter jurisdiction.**

16   Courts must consider the threshold issue of jurisdiction before addressing the merits of a

17   case.  *Steel Co. v. Citizens for a Better Env't*, 523 US 83, 94 (1998).  Plaintiffs bear the burden of

18   establishing jurisdiction because, by filing a complaint in federal court, they seek to invoke it.

19   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

20   "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v.*

21   *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  The Court may dismiss an action under Rule

22   12(b)(1) if the complaint does not allege facts sufficient to establish subject matter jurisdiction

23   on its face or, even if the complaint asserts grounds for jurisdiction on its face, the evidence does

24   not support a finding of jurisdiction.  *Thornhill Publishing Co. v. Gen. Tel. & Elec. Corp.*, 594

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1  F.2d 730, 733 (9th Cir. 1979).  A facial attack "asserts that the allegations contained in a

2  complaint are insufficient on their face to invoke federal jurisdiction."  *Safe Air for Everyone*,

3  373 F.3d at 1039.  A factual challenge allows the court to look beyond the complaint without

4  "presum[ing] the truthfulness of the plaintiff's allegations."  *White v. Lee*, 227 F.3d 1214, 1242

5  (9th Cir. 2000).  The Court also can hear evidence outside the pleadings and resolve factual

6  disputes, if necessary, without treating the motion as one for summary judgment.  *Robinson v.*

7  *United States*, 586 F.3d 683, 685 (9th Cir. 2009); *Dreier v. United States*, 106 F.3d 844, 847 (9th

8  Cir. 1997).  "Once challenged, the party asserting subject matter jurisdiction has the burden of

9  proving its existence," and the plaintiff's allegations carry no presumption of truthfulness.

10  *Robinson*, 586 F.3d at 685.  Whether a facial or factual attack, because "[f]ederal courts … have

11  only that power that is authorized by Article III of the Constitution and the statutes enacted by

12  Congress," *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), the Court

13  presumes the action lies outside its limited jurisdiction, and the burden is on the party asserting

14  jurisdiction to establish that it exists.  *Kokkonen*, 511 U.S. at 377.

15      A district court cannot hear a suit against the United States unless the government has

16  waived sovereign immunity.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  "Sovereign

17  immunity is jurisdictional in nature," meaning that a party's failure to establish a waiver of

18  sovereign immunity is properly resolved on a motion to dismiss for lack of subject matter

19  jurisdiction under Fed. R. Civ. P. 12(b)(1).  *See Robinson*, 586 F.3d at 685; *Sierra Club v.*

20  *Whitman*, 268 F.3d 898, 905-06 (9th Cir. 2001).

21      B.      <u>**Motion for failure to state a claim upon which relief can be granted.**</u>

22      A motion brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

23  sufficiency of a complaint.  Although a court must accept as true all well-pled factual allegations

24  in a complaint, it need not credit allegations that are merely conclusory.  *See Ashcroft v. Iqbal*,

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotations omitted). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.*

## IV.    ARGUMENT

### A.    State and HHS are statutorily immune from Silver's action.

First, Silver has not alleged a waiver of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). This, by itself, is sufficient for the Court to dismiss his complaint because "any waiver of sovereign immunity must be unequivocally expressed." *Al-Haramain Islamic Found., Inc. v. Obama*, 705 F.3d 845, 848 (9th Cir. 2012). Nor does Silver's *pro se* status relieve him of this responsibility. *See Winterer v. Barr*, No. 20-cv-0557-JCC, 2020 WL 7767066, at *2 (W.D. Wash. Dec. 11, 2020) (dismissing *pro se*'s contract claim because plaintiff failed to identify any "basis for finding a waiver of sovereign immunity"); *Lexington Ins. Co. v. United States*, 465 F. Supp. 3d 1158, 1163–64 (W.D. Wash. June 4, 2020).

Second, the statute at issue bars any challenge to either HHS's certification or the State Department's decision to withhold a passport under on the Passport Denial Program. Section 652(k)(3) provides that "the Secretary of [HHS] and the Secretary of State ***shall not be liable*** to any individual ***for any action*** with respect to a certification by a State agency under this section." 42 U.S.C. § 652(k)(3) (emphases added). The few cases to have considered this have held that it precludes suit against either agency or its officers working in their official capacities. *Parent v. New York*, 786 F. Supp. 2d 516, 543 (N.D.N.Y. 2011), *aff'd*, 485 F. App'x 500 (2d Cir. 2012);

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    *Dewald v. Clinton*, 2010 WL 3583385, at *8, n.11 (E.D. Mich. Sept. 13, 2010) (recognizing that

2    42 U.S.C. § 652(k)(3) "provides statutory immunity" to the HHS Secretary and Secretary of

3    State); *Clark v. United States*, 2016 WL 10570930, at *8 (N.D.N.Y. Aug. 29, 2016), report and

4    recommendation adopted, 2016 WL 6610734 (N.D.N.Y. Nov. 9, 2016).

5         The crux of Silver's complaint is that State wrongly denied his passport application based

6    on the certification of his child-support debt—in other words, he was wrongly included in the

7    Passport Denial Program.  The statute precludes any action based on this precise allegation and

8    so the entirety of this action is barred by 42 U.S.C. § 652(k)(3) and must be dismissed.

9         The Court need go no further in its review, but as the government explains below, each of

10   Silver's counts fail on their own terms as well.

11        **B.      Silver fails to state a *Bivens* claim.**

12        Silver's first cause of action is styled as a "*Bivens* Action" and "Fifth Amendment"

13   claim.  *See* Count I, Amd. Compl., p. 3.  He states that *Bivens* provides him a "direct cause of

14   action" for constitutional violations, in particular his Fifth Amendment right to "not be deprived

15   of life, liberty, or property, without due process of law."  *Id*. at ¶¶ 12, 13.

16        None of Silver's allegations name any federal officer or detail any individual's specific

17   actions.  A *Bivens* claim requires Silver to allege that "a federal agent acting under color of his

18   federal authority' violated his constitutional rights."  *Bivens*, 403 U.S. at 389.  "The absence of

19   any 'individual capacity' defendant sounds the death knell for any purported Bivens claim."

20   *Tapia-Tapia v. Potter*, 322 F.3d 742, 746 (1st Cir. 2003) (affirming the district court's dismissal

21   of a purported *Bivens* action against the Postmaster General where the Postmaster General was

22   sued solely in his official capacity).

23        While Silver does name Rubio and Kennedy in their individual capacities, none of

24   Silver's allegations or claims are directed to (or even discuss) any individual actions by either

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 11

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1  person.  And because the entirety of the factual allegations pre-date either one becoming

2  Executive Cabinet officials by several years, the government assumes that Silver inadvertently

3  named them in their individual capacities.[9]  To the extent he did not, the Court should dismiss

4  them as individual parties because Silver has not stated that either Secretary Rubio or Secretary

5  Kennedy took any individual actions here—nor could he plausibly make such an allegation.  And

6  any purported *Bivens* claim would necessarily fail under *Egbert v. Boule*, 596 U.S. 482 (2022),

7  which clarified the framework for assessing the viability of a *Bivens* action and expressed deep

8  disapproval for any expansion of *Bivens*.

9      Further, Silver does not provide any explanation or allegation about why he has a *Bivens*

10  claim other than several conclusory paragraphs simply stating that he does.  As the Court knows,

11  "[c]onclusory statements are not enough."  *Wengeler v. Yellen*, No. 22-CV-00666-LK, 2022 WL

12  1909222, at *2 (W.D. Wash. June 3, 2022).  For these reasons, the Court should dismiss Silver's

13  *Biven's* claim to the extent he brings one.

14      **C.**     **Plaintiff's Fifth Amendment due process clause claims are unavailing.**

15      To the extent the Court construes Silver's claim as an independent Fifth Amendment

16  claim against the government, it too fails.  Like his *Bivens* claim, Silver fails to actually set forth

17  the contours of any actual claim and does not provide any specificity beyond general statements

18  that he has a right to travel internationally, to possess a passport for identification purposes.  The

19  Court could dismiss it on that basis alone.

20      The claim fails on its merits as well.  Silver does not have an unlimited right to

21  international travel.  The right to foreign travel is "no more than an aspect of the 'liberty'

22  protected by the Due Process Clause of the Fifth Amendment and can be regulated within the

23  bounds of due process."  *Califano v. Torres*, 435 U.S. 1, 4 (1978) (*citing Zemel v. Rusk*, 381 U.S.

24

---

[9] Silver has not served either Secretary Rubio or Secretary Kennedy in their individual capacities.

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 12

1   (1965)).  This is distinct from a right to interstate travel, which is not at issue here.  *See Haig v.*

2   *Agee*, 453 U.S. 280, 307 (1981).  Moreover, the possession of a passport is not an inherent right

3   given that 22 U.S.C. § 211a grants the Secretary of State the authority to "grant and issue

4   passports . . . under such rules as the President shall designate and prescribe for and on behalf of

5   the United States." 22 U.S.C. § 211a.

6           The Passport Denial Program has withstood both substantive and procedural due process

7   challenges.  In *Eunique v. Powell*, the Ninth Circuit Court of Appeals considered a substantive

8   due process challenge to the Program.  *Eunique v. Powell*, 302 F.3d 971 (9th Cir. 2002).  There,

9   the plaintiff applied for a passport but owed child support in an amount over $20,000.  *Id.* at 972.

10  State denied the application because the State of California had certified her debt to HHS and

11  HHS transmitted that certification to the State Department.  *Id.*  This is nearly identical to the

12  facts alleged here.

13          Ultimately, the case reached the Ninth Circuit, which considered the constitutionality of

14  the Program and found that it "easily passes" muster, reasoning that "[t]here can be no doubt that

15  the failure of parents to support their children is recognized by our society as a serious offense

16  against morals and welfare.  It is in violation of important social duties and is subversive of good

17  order.  It is the very kind of problem that the legislature can address."  *Id.* (citations and internal

18  quotation marks omitted).  In upholding the Program, the Ninth Circuit further found that

19  "Congress (and the State Department) can refuse to let [individuals] have a passport as long as

20  [they] remain in substantial arrears on [their] child support obligations. . . . [T]he Constitution

21  does not require that [they] be given a passport…."  *Id.* at 976.

22          Similarly, the Second Circuit Court of Appeals addressed the Program in a procedural

23  due process context in *Weinstein v. Albright*, 261 F.3d 127 (2d Cir. 2001).  There, the Second

24  Circuit observed that per 42 U.S.C. § 654(31)(A), any State agency certifying debt to HHS must

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 13

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1  provide notice to the debtor of the consequences of failing to pay their child support, including

2  denial of their passport, and give them an opportunity to be heard to challenge the determination.

3  *Weinstein*, 261 F.3d at 135–36.  And with respect to the federal government, the Second Circuit

4  noted that "the executive branch's role in denying the passport applications of [debtors] is purely

5  ministerial" because "[a]fter receiving certification from the applicable state agency, HHS passes

6  such certification along to the U.S. State Department, which then has no choice but to deny the

7  passport application of individuals so certified."  *Id*. at 136.  Thus, no more process is required

8  because an applicant has an opportunity to be heard by the certifying State.  *Id*. at 136–37.  Here,

9  HHS OCSS notified Silver in May 2019 with a pre-offset notice on behalf of the State of

10 Nevada.  Hale Decl., ¶ 7.  That notice would explain that Silver could administratively challenge

11 the determination by contacting the appropriate Nevada state agency.  *Id.*  Then State notified

12 Silver at least twice in 2022 that its role was purely ministerial, and any challenge should be

13 directed to Nevada, the certifying state.  Peek Decl., ¶¶ 4, 5.  Thus, Silver was notified multiple

14 times that any challenge had to be raised to the appropriate Nevada state agency.  Silver never

15 alleges that he did so.

16      Because the Program comports with due process, Silver's Fifth Amendment due process

17 claim would fail, assuming he intended to bring one and properly did so.  For these reasons, the

18 Court should dismiss any such claim.

19      **D.**    **Silver cannot bring a Section 1983 claim or a Fourteenth Amendment against the federal government**

20

21      Silver's second count suggests a variety of theories, which the government addresses in

22 turn.  First, it is titled as "§ 1983 – 14th Amendment."  Amd. Compl., p. 4.  But neither 42 U.S.C.

23 § 1983 nor the 14th Amendment apply to the federal government.  *See San Francisco Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 543 n. 21 (1987) ("The Fourteenth

24

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 14

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1   Amendment applies to actions by a State."); *Castillo v. McFadden*, 399 F.3d 993, 1002 n. 5 (9th

2   Cir.2005) ("The Fifth Amendment prohibits the federal government from depriving persons of

3   due process, while the Fourteenth Amendment explicitly prohibits deprivations without due

4   process by the several States: 'nor shall any State deprive any person of life, liberty, or property,

5   without due process of law.'"); *Morse v. North Coast Opportunities, Inc.*, 118 F.3d 1338, 1343

6   (9th Cir.1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors.");

7   *see also Orion Ins. Grp. v. Washington State Off. of Minority & Women's Bus. Enters.,* No. 16-

8   5582 RJB, 2016 WL 6805335, at *4 (W.D. Wash. Nov. 17, 2016).  Even if Silver had a 14th

9   Amendment claim against Nevada, it could not be brought against the federal government.

10          An individual could bring a 14th Amendment claim against the federal government as an

11   Equal Protection challenge.  *United States v. Ayala-Bello*, 995 F.3d 710, 714 (9th Cir. 2021).[10]

12   But none of Silver's allegations suggest that is his intent.  Nor does he allege facts sufficient to

13   support an equal protection concern if one were properly brought because the law is applied

14   equally to all who apply for a passport.  *See United States v. LaFleur*, 971 F.2d 200, 211 (9th

15   Cir. 1991).  Here, Silver fails to plead any facts showing how he was treated differently from

16   others, much less others with whom he is allegedly similarly situated, or that the allegedly

17   unequal treatment because of a suspect class.  And, as explained above, the Ninth Circuit has

18   already determined that the Passport Denial Program serves a legitimate government interest and

19   is rationally related to that interest.  Here, an equal protection challenge could never stand

20   because State is required to deny a passport to any person, regardless of their status, who owes

21   child support in amounts exceeding $2,500.

22

23

24   ───────────────
[10] Technically, this clause applies to the federal government through the Fifth Amendment's due process clause.
*Bolling v. Sharpe*, 347 U.S. 497, 499-500 (1954).

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 15

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

For these reasons, any § 1983, Fourteenth Amendment, or Equal Protection Clause claim must be dismissed.

### E.    Any APA claim fails because HHS and the State Department acted in accordance with the law.

Count II also references the Administrative Procedure Act (APA).  To the extent that Silver alleges an APA claim, it also fails.  The APA waives sovereign immunity for actions in federal district court by an individual allegedly suffering some legal wrong because of agency action.  5 U.S.C. § 702.  The Ninth Circuit has explained that the waiver "is subject to three limitations: (1) the plaintiff must seek relief other than money damages; (2) the plaintiff must have no other adequate remedy; and (3) the plaintiff's action must not be expressly or impliedly forbidden by any other statute."  *United Aeronautical Corp. v. United States Air Force*, 80 F.4th 1017, 1022 (9th Cir. 2023) (cleaned up).  Here, 42 U.S.C. § 652(k)(3) explicitly forbids suit as explained above.

But even on its merits, there is no possible APA claim here.  Silver must identify some final agency action and then allege why it was arbitrary and capricious, contrary to law, or unsupported by substantial evidence.  5 U.S.C. § 706; *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  He has not done so.  The facts as alleged demonstrate that the State Department took the only legal action permitted.  The State Department acted wholly in accord with the express language of 42 U.S.C. § 652(k)(2), which mandates that the State Department refuse to issue a passport to an individual owing arrearages of child support in an amount exceeding $2,500 for whom HHS has transmitted a certification by a state agency of unpaid child support exceeding $2,500.  *See* 42 U.S.C. § 652(k)(2) ("The Secretary of State *shall*, upon certification by the Secretary transmitted under paragraph (1), refuse to issue a passport to such individual, and may

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 16

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1   revoke, restrict, or limit a passport issued previously to such individual.") (emphasis added).

2   That's precisely what Silver alleges that State did.

3        In Count IV, which appears to be part of his APA claim, Silver says that State can issue

4   passports under exceptional circumstances pursuant to 22 C.F.R. § 51.70.  That regulation states

5   that an individual whose passport was revoked or denied may request a hearing *if* the denial was

6   pursuant to certain other regulations.  *See* § 51.70(a) (listing multiple subsections that allow State

7   to deny or revoke a passport).  None of the listed subsections pertain to the Passport Denial

8   Program or generally to failure to pay child support debt.  Instead, § 51.60(a)(2) provides that

9   State "may not issue a passport" if "The applicant has been certified by the Secretary of Health

10  and Human Services as notified by a state agency under 42 U.S.C. 652(k) to be in arrears of

11  child support in an amount determined by statute."  This subsection is not listed in § 51.70(a) and

12  is specifically excluded under § 51.70(b)(1), which provides that "The provisions of §§ 51.70

13  through 51.74 do not apply to any action of the Department denying, restricting, revoking,

14  cancelling or invalidating a passport…[pursuant to] Section 51.60(a)".  Thus, this regulation

15  does not apply here.  *See also* § 51.70(b)(9) (limiting the applicability of the regulation to only

16  those subsections listed in subsection (a)).  Further, Silver does offer any factual allegations

17  regarding § 51.70 or whether he requested a hearing.

18       Instead, it appears that Silver believes that this regulation affords him an opportunity to

19  request a hardship exception.  This isn't what the regulation says and there is no hardship

20  exception afforded by the Passport Denial Program.  Peek Decl., ¶6.  Whether the State of

21  Nevada allows him to seek some relief from his debt due to exceptional circumstances is well

22  beyond the contours of his claims against the federal government and its agencies.

23       In the Count IV title, Silver states there was a violation of 5 U.S.C. § 555.  Amd. Compl.,

24  p. 5.  That statute falls under the APA and among other things, allows a person to be

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 17

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1   accompanied by counsel if they are required to appear before an agency in person.  That does not

2   appear to have anything to do with this case, and Silver does not provide any factual allegations

3   or statements in his claim regarding this statute.

4          Without *some* allegation that HHS or State's actions were arbitrary and capricious or

5   contrary to law, Silver cannot maintain an APA claim.  The government acted in accordance

6   with the requirements of 42 U.S.C. § 652(k)(2).  Independently, any APA claim must also be

7   dismissed because any action is already forbidden by statute.

8          For these reasons, the Court should dismiss any APA claim brought by Silver.

9          **F.    Silver's complaint has no other well pled claims.**

10         Silver's Count V appears to merely reiterate his previously counts, especially Count I

11  regarding the Fifth Amendment.  It fails for the same reasons provided above.  Moreover, there

12  are no other suggestions of other claims.  To the extent Silver intended to raise something else, it

13  is not discernible and fails even the notice pleading standards of Federal Rule of Civil

14  Procedure 8.  *See Dahlstrom v. Life Care Centers of Am.*, Inc., No. 21-cv-01465-JHC, 2023 WL

15  4893491, at *9 (W.D. Wash. Aug. 1, 2023) ("[T]he complaint is so vague and ambiguous that

16  [the defendant] cannot file a responsive pleading because they cannot analyze the allegations

17  against them."); *see also Akmal v. Centerstance, Inc.*, No. 11-cv-5378 RJB, 2013 WL 1148841,

18  at *6 (W.D. Wash. Mar. 19, 2013).

19         Finally, Silver requests injunctive relief in the form of a temporary restraining order or a

20  preliminary injunction.  It is not clear though what agency action Silver wants enjoined other

21  than a general statement that he does not want the program to be enforced against him.  But that

22  merely restates the relief he seeks from his other claims.  As demonstrated above, he cannot

23  show a likelihood of success, and moreover, he has not made out any particularized injury that he

24  would or has sustained in the past several years since State denied his application.  Injunctive

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 18

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1  relief is "an extraordinary remedy that may only be awarded upon a clear showing that the

2  plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008);

3  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) ("When a plaintiff has failed to show

4  the likelihood of success on the merits," the Court "need not consider the remaining

5  [elements]").

6       To the extent Silver attempts to raise any other claims or requests for injunctive relief, all

7  such claims would fail because his complaint is devoid of any facts sufficient to state any claims

8  and he has not adequately described any further cause of action.

9                              **V.       CONCLUSION**

10      For the reasons above, the Court should dismiss the Amended Complaint for lack of

11  subject-matter jurisdiction and failure to state a claim upon which relief may be granted.

12                          **CERTIFICATION OF CONFERRAL**

13      I, undersigned counsel for Defendant, communicated with *pro se* Plaintiff Frederick O.

14  Silver by email and telephone communications. I informed him that Defendant was planning to

15  file a motion to dismiss his complaint and explained the grounds for the motion. Plaintiff stated

16  that he would not agree and would object. This communication was confirmed in writing and

17  Plaintiff indicated that he intends to continue with the lawsuit.

18  //

19  //

20  //

21  //

22  //

23

24

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-
MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM
[Case No. 3:25-cv-05112-JNW] - 19

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1    DATED this 5th day of May, 2025.

2                                    Respectfully submitted,

3                                    TEAL LUTHY MILLER
                                     Acting United States Attorney

4
                                     *s/ Nickolas Bohl*
5                                    NICKOLAS BOHL, WSBA No. 48978
                                     Assistant United States Attorney
6                                    United States Attorney's Office
                                     Western District of Washington
7                                    700 Stewart Street, Suite 5220
                                     Seattle, Washington 98101-1271
8                                    Phone: 206-553-4639
                                     Fax:    206-553-4067
9                                    Email: nickolas.bohl@usdoj.gov

10                                   *Attorneys for Defendants*

11                                   I certify that this memorandum contains 5,983
                                     words, in compliance with the Local Civil Rules.
12

13

14

15

16

17

18

19

20

21

22

23

24