District Judge Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>                Plaintiff,<br>    v.<br><br>MARCO ANTONIO RUBIO, in his official and individual capacity, and ROBERT F. KENNEDY JR., in his official and individual capacity,<br><br>                Defendants. | Case No.  3:25-cv-05112-JNW<br><br>**DEFENDANT'S OPPOSITION TO AMENDED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION** |

Plaintiff Frederick Silver has filed an Amended Emergency Motion for Preliminary Injunction.  The Court should deny the motion for the same reasons Defendants raised in its pending Motion to Dismiss.  Dkt. 16.  As stated there, Silver cannot demonstrate there is subject-matter jurisdiction and he fails to state a claim.  Thus, there is little likelihood of success. Additionally, Silver's motion does not show irreperable harm or explain why he cannot gain employment through other documents, such as a state identification card and a social security card, which would not be encumbered by his current child support obligations.  For these reasons, the Court should maintain the status quo and deny Silver's motion.

DEFENDANTS' OPPOSITION TO AMENDED EMERGENCY
MOTION FOR PRELIMINARY INJUNCTION
[Case No. 3:25-cv-05112-JNW] - 1

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

## I.    BACKGROUND

The Court is likely well aware of the factual background based on the motions already filed. In short, Silver applied for a passport a number of years ago. In 2021, U.S. Department of State (State) notified Silver that he would not be eligble for a passport because he owed more than $2,500 in child support obligations, based on 42 U.S.C. § 652(k). In particular, the State of Nevada certified to U.S. Department of Health and Human Services (HHS) that Silver owed significant amounts of child support, and continues to so certify. State further informed Silver that he needed to contact the State of Nevada child-support agency to address the debt before State could issue a passport. State sent follow-up notices in 2022, but the debt has remained.

Three years later, Silver brought this lawsuit claiming the statute is unconstitutional and that State's actions violate the Administrative Procedure Act (APA). Dkt. 1. Defendants have filed a motion to dismiss, which is pending. Dkt. 16. Silver has now filed an amended motion for a preliminary injunction, asking the Court to force State to issue him a passport so he can apply for a job. Dkt. 33.

## II.    STANDARD OF REVIEW

A "preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008). A district court should enter a preliminary injunction only "upon a clear showing that the [movant] is entitled to such relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the moving party must demonstrate (1) that it is likely to succeed on the merits of its claims; (2) that it is likely to suffer an irreparable injury in the absence of injunctive relief; (3) that the balance of equities tips in its favor; and (4) that the proposed injunction is in the public interest. *Id.* at 20. Here, Silver is requesting that the Court order State to take certain action. A preliminary injunction mandating

DEFENDANTS' OPPOSITION TO AMENDED EMERGENCY
MOTION FOR PRELIMINARY INJUNCTION
[Case No. 3:25-cv-05112-JNW] - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

the government take specific action should not issue unless extreme or very serious damage will otherwise result. *Doe v. Snyder*, 28 F.4th 103, 114 (9th Cir. 2022).

### III.   ARGUMENT

#### A.   Silver improperly seeks a judgment on the merits.

Emergency relief should generally preserve the status quo. *Regents of Univ. of California v. Am. Broad. Companies, Inc.*, 747 F.2d 511, 514 (9th Cir. 1984); *E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th Cir. 2018). Here, Silver wants to force State to act—and in so doing, violate federal law. Such relief would effectively act as a decision on the merits of the litigation, which is generally disfavored. *See Mendez v. U.S. Immigration and Customs Enforcement*, 2023 WL 2604585 at * 3 (N.D. Cal. Mar. 15, 2023) (quoting *Senate of Cal. v. Mosbacher*, 968 F.2d 974, 978 (9th Cir. 1992) for the proposition that "judgment on the merits in the guise of preliminary relief is a highly inappropriate relief").

#### B.   Silver does not demonstrate a high likelihood of irreparable harm.

Silver claims he needs a U.S. Passport to get a job. But his motion only presents speculative concerns of harm. "To establish a likelihood of irreparable harm, conclusory or speculative allegations are not enough." *Titaness Light Shop, LLC v. Sunlight Supply, Inc.*, 585 F. App'x 390, 391 (9th Cir. 2014) (collecting cases). Silver does not state what efforts he has undertaken to seek employment, whether they were thwarted by his lack of a passport, or why he cannot use other documents to secure employment. The Court can take judicial notice of an I-9 form, which is also attached to Silver's first emergency motion. Dkt. 32-1; *see also Riley v. United States*, No. 19-cr-1522 JLR, 2020 WL 1819838, at *7 n.7 (W.D. Wash. Apr. 10, 2020). An I-9 lists a multitude of documents that an employee can use to demonstrate identity and authorization to work. For example, Silver states that he is a U.S. citizen, so presumably he

DEFENDANTS' OPPOSITION TO AMENDED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION
[Case No. 3:25-cv-05112-JNW] - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

1 has or can receive a state identification card and a social security card.  Many people gain
2 employment in the United States without a passport.

3     Further, Silver does not explain why emergency relief is suddenly necessary.  State
4 denied his passport application over three years ago.  The significant passage of time belies any
5 assertions that such extraordinary relief is immediately necessary.  For these reasons, Silver
6 cannot demonstrate a high likelihood of irreperable harm.

7     **C.    Silver is not likely to succeed on the merits.**

8     The Court need go no further in its analysis and can deny the motion based on the lack of
9 irreparable harm alone.  *See Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d
10 1239, 1251 (9th Cir. 2013), *cert. denied*, 135 S. Ct. 57 (2014) ("In light of our determination that
11 the record fails to support a finding of likely irreparable harm, we need not address the balance
12 of equities and public interest factors."); *see also Block Mining, Inc. v. Hosting Source, LLC*,
13 2024 WL 1156479, at *4 (W.D. Wash. 2024) ("Block Mining fails to demonstrate a likelihood of
14 irreparable harm, and the court denies the motion on this basis alone.").

15     Defendants incorporate by reference their briefing in regards to the motion to dismiss.
16 Dkt. 16.  There, Defendants demonstrated that there is no subject-matter jurisdiction for Silver's
17 claims and even if there were, he fails to state a claim upon which relief can be granted.  In short,
18 Silver argues that 42 U.S.C. § 652(k) is unconstitutional.  But that question has already been
19 adjudicated and the Ninth Circuit easily found that it passes constitutional muster.  *Eunique v.*
20 *Powell*, 302 F.3d 971 (9th Cir. 2002).  Silver has never addressed why *Eunique* is inapplicable or
21 wrongly decided.  *See also Weinstein v. Albright*, 261 F.3d 127 (2d Cir. 2001).  For these reasons
22 and those stated in Defendants' prior briefing, Silver is unlikely to succeed on his claims.

23
24

DEFENDANTS' OPPOSITION TO AMENDED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION
[Case No. 3:25-cv-05112-JNW] - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

**D.      The balance of equities favors the government.**

As discussed above, the Court should not upset the status quo. There is substantial public interest in ensuring that individuals pay their child support obligations. *Powell*, 302 F.3d at 976. Further, to require State to act would order it to violate § 652(k). For these reasons, the balance of equities favors Defendants.

## CONCLUSION

For all the above reasons, Defendants request that the Court deny Silver's emergency motion for injunctive relief.

DATED this 5th day of June, 2025.

>Respectfully submitted,
>
>TEAL LUTHY MILLER
>Acting United States Attorney
>
>*s/ Nickolas Bohl*
>NICKOLAS BOHL, WSBA No. 48978
>Assistant United States Attorney
>United States Attorney's Office
>Western District of Washington
>700 Stewart Street, Suite 5220
>Seattle, Washington 98101-1271
>Phone: 206-553-4693
>Fax:    206-553-4067
>Email: nickolas.bohl@usdoj.gov
>
>*Attorneys for Defendant*
>
>I certify that this memorandum contains 1,161 words, in compliance with the Local Rules.

DEFENDANTS' OPPOSITION TO AMENDED EMERGENCY
MOTION FOR PRELIMINARY INJUNCTION
[Case No. 3:25-cv-05112-JNW] - 5

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970