UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREDERICK O. SILVER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARCO ANTONIO RUBIO and<br>ROBERT F. KENNEDY, JR.,<br><br>    Defendants. | CASE NO. 3:25-cv-05112-JNW<br><br>ORDER |

## 1.  INTRODUCTION

This matter comes before the Court on Defendants Marco Antonio Rubio and Robert F. Kennedy, Jr.'s motion to dismiss. Dkt. No. 16. Having reviewed the motion, Plaintiff Frederick O. Silver's response, the relevant legal authorities, and the record, the Court finds that Defendants' motion has merit, and that dismissal is warranted.

## 2.  BACKGROUND

Silver, proceeding pro se, challenges the United States State Department's denial of his passport application after the United States Department of Health and

ORDER - 1

Human Services (HHS) certified that he owed a child support debt of over $2,500. Dkt. No. 8. Silver's amended complaint provides few factual allegations, which the Court recounts below.

Silver applied and paid the application fees for a travel passport book and card document. Dkt. No. 8 ¶ 5. Silver received a letter in response from the State Department denying his application based on a report from HHS stating that Silver owes past-due child support. *Id.* ¶ 6. Silver alleges he is "not aware of any [c]hild that he is the father to or being to [c]ourt for [c]hild support[.]" *Id.* ¶ 7. He also alleges that he "does not owe the stated amount, was not notified of the debt, or had no opportunity to dispute the Claim as no document was ever presented to plaintiff." *Id.*

Silver brings four causes of action: (1) a claim against federal officials for allegedly violating his due process rights under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); (2) a Section 1983 claim for violating the Administrative Procedure Act (APA); (3) a claim for failing to grant him a hardship exception under 22 C.F.R. § 51.70 and 5 U.S.C. § 555; and (4) a claim for placing an "unlawful restriction on [his] employment and occupational licensing." *Id.* ¶¶ 11–29. Silver asks the Court to grant him a temporary restraining order and preliminary injunction that orders the State Department to "immediately process and approve [his] passport application under a [h]ardship [e]xception." *Id.* at 6.

ORDER - 2

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. No. 16. Silver opposes, Dkt. No. 20, but fails to defeat Defendants' arguments.[1]

## 3.  DISCUSSION

### 3.1   Legal standards.

The Court must dismiss a complaint under Rule 12(b)(1) if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional attack may be facial, in which the defendant asserts the allegations within the complaint are not enough on their face to invoke federal jurisdiction, or factual, in which the defendant disputes the truth of the factual claims. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

The Court will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Id.* (citations omitted). "Where a complaint

---

[1] Silver also filed a surreply or "supplemental opposition" to reply to Rubio and Kennedy's reply to their motion to dismiss and motion to stay. Dkt. No. 25, 26. Under Local Civil Rule 7(g), a surreply must be "strictly limited to addressing [a] request to strike" and "[e]xtraneous argument or a surreply filed for any other reason will not be considered." LCR 7(g)(2). Accordingly, the Court disregards these filings.

ORDER - 3

pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, a plaintiff must have pled "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

Pro se pleadings, such as the complaint here, are to be liberally construed on a motion to dismiss. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (while *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*").

The Court addresses Defendants' jurisdictional challenges first and then turns to the merits of the remaining claims.

**3.2    The Court lacks subject-matter jurisdiction over Silver's claims that do not identify a waiver of sovereign immunity.**

For causes of action three and four, the Court lacks subject-matter jurisdiction because Silver failed to identify any waiver of sovereign immunity that would allow his claims to proceed.

ORDER - 4

The United States, as sovereign, is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Any waiver of immunity must be unequivocally expressed. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990). A plaintiff bears the burden of showing both subject matter jurisdiction and that the United States has waived sovereign immunity. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (the party asserting jurisdiction has the burden of establishing it); *Hajro v. U.S. Citizenship and Immigr. Servs.*, 811 F.3d 1086, 1101 (9th Cir. 2016) (Plaintiff bears the burden of proving that the United States waived sovereign immunity).

This matter is readily resolved by 42 U.S.C. § 652(k)(3), which expressly bars suit against the Secretaries of State and HHS for passport denials based on child support certifications. 42 U.S.C. § 652(k)(3) provides: "The Secretary [of HHS] and the Secretary of State shall not be liable to an individual for any action with respect to a certification by a State agency under this section." *See Parent v. New York*, 786 F. Supp. 2d 516, 543 (N.D.N.Y. 2011), *aff'd*, 485 F. App'x 500 (2d Cir. 2012) (finding the HHS Secretary was entitled to statutory immunity to the extent the plaintiff sought to hold her liable for the certification of child support debts to the State Department). This alone requires dismissal of Silver's claims against Secretaries Rubio and Kennedy under Rule 12(b)(1).

ORDER - 5

**3.3    Silver fails to state a claim on which relief can be granted.**

Silver's first and second causes of action—his *Bivens* and APA claims[2]—which can sometimes provide a waiver of sovereign immunity, still fail because Silver does not state a claim upon which relief can be granted.

The Court first turns to Silver's *Bivens* claim against Rubio and Kennedy. "In *Bivens*, this Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Hernandez v. Mesa,* 582 U.S. 548, 553 (2017) (quoting *Corr. Services Corp. v. Malesko,* 534 U.S. 61, 66 (2001)). But a plaintiff cannot bring a *Bivens* action against the United States, agencies of the United States, or federal agents in their official capacity. *See FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Although Silver names Rubio and Kennedy in their individual capacities, he makes no allegations against either person. Indeed, it's not clear from Silver's allegations that either party was even in office at the time of his passport denial. Conclusory statements of constitutional violations are insufficient to state a claim. *Wengeler v. Yellen*, No. 22-

---

[2] Silver purports to allege an APA claim under Section 1983. But to state a claim under Section 1983, a plaintiff must allege that the defendants acted "under color of state law" and deprived the plaintiff of their rights under federal law. 42 U.S.C. § 1983. Here, Silver sues Secretaries Rubio and Kennedy for acting under federal law—not "under color of state law." Although "federal officials sued in their official capacity are subject to injunctive relief under § 1983 if they 'conspire with or participate in concert with state officials who, under color of state law, act to deprive a person of protected rights[,]'" Silver makes no such allegation here. *Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992) (quoting *Scott v. Rosenberg*, 702 F.2d 1263, 1269 (9th Cir. 1983)). As a result, the Court construes Silver's cause of action as one under the APA not Section 1983.

ORDER - 6

CV-00666-LK, 2022 WL 1909222, at *2 (W.D. Wash. June 3, 2022). As a result, Silver fails to state a *Bivens* claim against Rubio and Kennedy.

With respect to Silver's second claim, the APA permits judicial review of a final agency action that is "arbitrary, capricious, [or] an abuse of discretion." 5 U.S.C. § 706(2)(A). But Silver fails to allege facts plausibly showing that Defendants' actions were arbitrary or capricious in this case.

At this stage of the proceedings, the Court must accept Silver's factual allegations as true, but it need not blindly accept frivolous allegations that are fanciful, fantastic, and delusional. *Gilberti v. World Bank Grp.*, No. 2:25-CV-00297-TL, 2025 WL 1208255, at *2 (W.D. Wash. Apr. 25, 2025). The Court may also take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Judicial notice may be taken "of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Court finds it implausible that Silver is not "aware" of having a child or owing child support given prior litigation. Silver appealed a Nevada district court's order that established his paternity over a child in *Silver v. Towner*, Case Nos. 77787-COA, 78067-COA (Nev. Ct. App. 2020). The Court of Appeals for the State of Nevada affirmed the lower court's judgment. Silver also appealed a Nevada district court order regarding child support. *See Silver v. Towner*, Case Nos. 83191-COA, 84999-COA (Nev. Ct. App. 2022). Again, the Nevada Court of Appeals affirmed the district court's order "reducing Silver's child support arrears to judgment and

ORDER - 7

denying his various motions challenging paternity, jurisdiction, and enforcement of the child support obligation." *Id.* Given Silver's active participation in these cases it is implausible that he could be wholly unaware of any child or child support obligations, even if he believes them to be inaccurate.

As to Silver's allegations that he "does not owe the stated amount, was not notified of the debt, or had no opportunity to dispute the Claim as no document was ever presented to plaintiff," even if the Court takes these as true, they do not establish a constitutional violation.

Silver argues that there are "factual disputes about the existence and validity of the child support debt and the constitutional sufficiency of the process [he] received" in a federal forum.

But established precedent forecloses these arguments when it comes to passport denials based on outstanding child support. In *Eunique v. Powell*, the Ninth Circuit held that the Fifth Amendment freedom to travel internationally may be curtailed if an applicant owes child support. 302 F.3d 971, 976 (9th Cir. 2002) (holding that "without violating [the plaintiff's] Fifth Amendment freedom to travel internationally, Congress (and the State Department) can refuse to let her have a passport as long as she remains in substantial arrears on her child support obligations.").

Similarly, in *Weinstein v. Albright*, the plaintiff argued that the government violated his procedural due process rights by denying his passport application without providing an opportunity for him to contest his child support obligations at the federal level. 261 F.3d 127, 134 (2d Cir. 2001). The Second Circuit Court held

ORDER - 8

that "because the right to notice and an opportunity to contest the arrears determination before the relevant state agency is sufficient to protect the liberty interest in having a passport . . . ," the federal system survives procedural due process challenges. *Id.* at 139. Therefore, the State Department and HHS need not provide a procedural process in which Silver is permitted to contest the debt—instead, he would need to take this up with the state agency. Silver does not sue a state actor in this case for lack of process or notice of his child support obligations.

Because he does not provide any allegations indicating that the federal Defendants made an arbitrary or capricious denial, or violated his due process rights, Silver fails to state a claim on the merits.

**3.4    The Court directs Silver to file a motion to amend.**

District courts must grant leave to amend if the defects in the complaint may be cured, even if the plaintiff does not request it. *Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1208 (9th Cir. 2022). This rule applies equally when the district court dismisses a complaint for lack of subject matter jurisdiction. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1084 (9th Cir. 2014).

Silver moves for leave to amend. Dkt. Nos. 40, 41. The proposed second amended complaint Silver filed, however, does not address the deficiencies discussed in this Order. Thus, the Court denies Silver's existing motions to amend, Dkt. Nos. 40, 41, without prejudice, and permits him to file a new motion for leave to amend with a proposed second amended complaint within 14 days of the date of this Order. While the Court remains skeptical that Silver will be able to overcome

the deficiencies identified above, the Court provides Silver one more chance save his complaint by addressing the issues the Court identifies.

**3.5   Silver's motions for a preliminary injunction are denied.**

Silver twice moved for a preliminary injunction ordering Rubio and Kennedy to approve his passport application. Dkt. Nos. 32, 33. A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). A party seeking a preliminary injunction must establish four elements: (1) they are "likely to succeed on the merits," (2) they will likely "suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Id.* at 20. The first factor— likely success on the merits—is the most important. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). If the moving party does not show likelihood of success on the merits, the court need not consider the other three factors. *Id.* (citing *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 944 (9th Cir. 2013)).

Here, Silver fails to establish he will likely succeed on the merits as the Court has explained above. This dooms his request for a preliminary injunction and the Court need not analyze the remaining factors. *See Garcia*, 786 F.3d at 740 ("Because it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements.") (cleaned up).

Thus, the Court DENIES Silver's motions for a preliminary injunction.

**3.6   Defendants' motion to stay is granted.**

Defendants move to stay discovery pending resolution of their motion to dismiss. Dkt. No. 19. Silver opposes a stay, moves to compel discovery, and requests that the Court set a scheduling conference. Dkt. Nos. 21, 37, 42.

A district court may only stay discovery pending a motion to dismiss if it "is convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1078 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981) (per curiam)). For instance, a court may be convinced that a plaintiff cannot plead a viable claim when it finds that "the complaint [is] utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value." *United States v. Dynamic Med. Sys., LLC*, No. 117CV01757NONESAB, 2020 WL 3035219, at *3 (E.D. Cal. June 5, 2020) (internal citation omitted). Likewise, the court may find good cause if the pending motion to dismiss raises strong arguments on "preliminary 'threshold' issues that may preclude a court from reaching the merits of a claim." *Dorian v. Amazon Web Servs., Inc.*, No. 2:22-CV-00269, 2022 WL 3155369, at *2 (W.D. Wash. Aug. 8, 2022) (citing examples including jurisdiction and immunity).

Here, the Court has found that Silver failed to state a viable claim in his first amended complaint. While it has directed Silver to file a motion to amend, nothing in the record to date suggests the case can move forward. And the Court has found immunity barred several of Silver's claims, which means its jurisdiction remains

ORDER - 11

unclear. Thus, the Court finds it an appropriate use of its discretion to stay discovery until Silver has moved for leave to file an amended complaint, Defendants have responded, and the Court has ruled on Silver's motion.

## 4.  CONCLUSION

In sum, the Court GRANTS in part Defendants' motion to dismiss. Dkt. No. 16. Silver may seek leave to amend under Rule 15 no later than 14 days from the date of this Order. The Court DENIES Silver's motions for a preliminary injunction, Dkt. Nos. 32, 33. The Court GRANTS Defendants' motion to stay discovery until it resolves Silver's forthcoming motion for leave to amend. The Court DENIES Silver's motion to compel discovery, Dkt. No. 37, motions for leave to amend, Dkt. Nos. 40, 41, and motion to set a scheduling conference, Dkt. No. 42.

Dated this 3rd day of July, 2025.

Jamal N. Whitehead
United States District Judge