Frederick O. Silver
21905 MOUNTAIN HWY E, UNIT 4143
SPANAWAY, WA 98387-7583
E-Mail: ASCLV1@gmail.com
Tel: (702) 473-0365

# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON.
# AT TACOMA.
\* \* \*

| | |
|---|---|
| FREDERICK O. SILVER.<br>       Plaintiff,<br>vs.<br>MARCO ANTONIO RUBIO, ET AL,<br>       Defendants. | Case 3:25-cv-05112-JNW<br><br>District Judge Jamal N. Whitehead. |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT.
## (Pursuant to Fed. R. Civ. P. 15(a)(2))

Plaintiff Frederick O. Silver, appearing pro se, respectfully moves this Court for leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), and in accordance with the Court's July 3, 2025 Order (Dkt. 43).

**I. INTRODUCTION**

The Court granted in part Defendants' motion to dismiss and denied Plaintiff's prior motions to amend because the proposed amendments failed to address the legal deficiencies in the original complaint. However, the Court granted Plaintiff leave to file a properly supported motion to amend, along with a proposed Second Amended Complaint, no later than July 17, 2025. (Dkt. 43 at 15.)

Plaintiff now respectfully seeks such leave and attaches a Proposed Third Amended Complaint that directly responds to the Court's guidance, adds specific factual allegations, limits the claims to those for which a valid waiver of sovereign immunity exists, and clarifies the basis for jurisdiction and relief.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." This policy is "to be applied with extreme liberality," especially where the plaintiff is pro se. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003).

The Court may deny leave only upon a showing of "undue delay, bad faith, or dilatory motive… repeated failure to cure deficiencies… undue prejudice… [or] futility." Foman v. Davis, 371 U.S. 178, 182 (1962). None of these factors are present here.

## III. GROUNDS FOR AMENDMENT

Plaintiff seeks leave to amend for the following reasons:

1. Clarify jurisdiction and sovereign immunity issues by removing federal claims barred under 42 U.S.C. § 652(k)(3), and instead identifying a proper defendant under Ex Parte Young, such as the director of the state IV-D agency that submitted the challenged certification.
2. Refine factual allegations to plead with specificity:

   - The timeline of the passport denial
   - Plaintiff's receipt (or lack thereof) of notice and opportunity to contest the debt
   - The impact on his travel and employment

3. Narrow and support his constitutional claims to focus on procedural due process and Equal Protection under the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.
4. Seek only declaratory and injunctive relief as to ongoing constitutional violations.
5. Address the Court's plausibility concerns by alleging concrete facts, not conclusions, and eliminating any redundant or implausible claims.

**IV. CONCLUSION**

This motion is made in good faith and with the goal of refining and simplifying the case in accordance with the Court's ruling. The Proposed Third Amended Complaint is attached as Exhibit B. Plaintiff respectfully requests that the Court grant leave to file the attached Third Amended Complaint.

Respectfully submitted,

**Dated: July 23rd, 2025**

/s/Frederick O. Silver
21905 MOUNTAIN HWY E, UNIT 4143
SPANAWAY, WA 98387-7583
E-Mail: ASCLV1@gmail.com
Tel: (702) 473-0365

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A ATTACHED**.

```
1  FREDERICK SILVER
   21905 MOUNTAIN HWY E UNIT 4143,
2  SPANAWAY, WA 98387-7583
   TEL: (702) 473-0365
3  E-MAIL: ASCLV1@gmail.com
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

# AT TACOMA.

| | |
|---|---|
| FREDERICK SILVER. <br>    Plaintiff, <br>  vs. <br> **TEXAS OFFICE OF THE ATTORNEY GENERAL (OAG) and W. KENNETH PAXTON,** In His Official And Individual Capacity, **RICHARD WHITLEY**, IN HIS OFFICIAL Capacity As Director Of The Nevada Department Of Health And Human Services, Division Of Welfare And Supportive Services <br>    Defendant. | **Case 3:25-cv-05112-JNW** <br><br> **District Judge Jamal N. Whitehead.** <br><br> JURY TRIAL DEMANDED. |

## THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF.

  Plaintiff Frederick O. Silver brings this civil action against W. Kenneth Paxton, in his official capacity as Attorney General of the State of Texas, seeking declaratory and injunctive relief for ongoing violations of federal law. Plaintiff alleges that the Texas Office of the Attorney General (OAG), acting through its Child Support Division, has caused false, inaccurate, and unvalidated child support debt information to be reported to federal agencies and/or national credit bureaus. This has resulted in Plaintiff suffering continuous and irreparable harm in the State of Washington, including denial of housing, credit, employment opportunities, and travel.

  Plaintiff seeks relief under **the Fair Credit Reporting Act (FCRA), 15 U.S.C.**

**§ 1681s-2**, and the **Fourteenth Amendment** to the United States Constitution via **42 U.S.C. § 1983.**

Plaintiff Frederick O. Silver brings this civil rights action under 42 U.S.C. § 1983 against Richard Whitley, the Director of the Nevada Division of Welfare and Supportive Services, seeking declaratory and injunctive relief for violations of his Fourteenth Amendment right to procedural due process. The Defendant's agency, acting under color of state law, certified Plaintiff to the U.S. Department of Health and Human Services (HHS) as a person owing more than $2,500 in child support, which triggered the denial of Plaintiff's passport application.

Plaintiff was never given proper notice of this certification, nor an opportunity to dispute the existence, amount, or enforceability of the debt before it was reported. As a result, Plaintiff has been denied the right to international travel and the ability to pursue employment abroad — a liberty interest protected by the Constitution.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under:
   - 28 U.S.C. § 1331 (federal question),
   - 15 U.S.C. § 1681p (FCRA jurisdiction),
   - 28 U.S.C. § 1343(a)(3) (civil rights violations under color of state law).
2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because Plaintiff resides in this district and the effects of the Defendant's conduct are being felt here.
3. Plaintiff seeks only **prospective injunctive and declaratory relief** under the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908).

## III. PARTIES

4. **Plaintiff Frederick O. Silver** "Plaintiff" is an adult Natural Person, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA, residing in Spanaway, Washington.
5. **Defendant W. Kenneth Paxton** is the Attorney General of the State of Texas and is sued in his **official capacity only**. His office oversees the Texas OAG's

2 of
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**Child Support Division**, which is responsible for certifying child support debts to the U.S. Department of Health and Human Services (HHS) and furnishing such debts to consumer reporting agencies.

6. At all relevant times, State of Texas office of the Attorney General, acted through its duly Authorized Agents, Attorneys, Employees, Officers, Members, Directors, Heirs, Successors, Assigns, Secretary, Principals, Trustees, Sureties, Subrogates, Representatives, and Insurers.

7. Defendant Texas Office of the Attorney General (OAG) is a state agency responsible for child support enforcement and is engaged in furnishing credit information to consumer reporting agencies and Defendant W. Kenneth Paxton, sued in his official and individual capacity, is the Attorney General of Texas and is responsible for overseeing OAG's enforcement activities, including credit reporting practices.

8. Defendant Richard Whitley, is sued in his official capacity as the Director of the Nevada Department of Health and Human Services, Division of Welfare and Supportive Services — the state IV-D agency responsible for certifying child support debts to HHS pursuant to 42 U.S.C. § 652(k).

## IV. FACTUAL ALLEGATIONS

6. Plaintiff has never been adjudicated in a court of law in Texas regarding a valid, enforceable child support order.

7. Defendant's office, acting through the OAG's Child Support Division, has **certified Plaintiff to HHS** as owing a child support debt exceeding $2,500 without:
   - A valid underlying court order,
   - Providing due process notice,

- An opportunity to dispute the debt.

8. Additionally, Defendant's office **furnished this alleged debt** to one or more **consumer reporting agencies** (CRAs) such as Experian, TransUnion, or Equifax.

9. Plaintiff became aware of this reporting when he was denied:
    - A U.S. passport,
    - Rental housing,
    - Credit applications, and
    - Employment opportunities due to the negative tradeline.

10. Plaintiff has made multiple efforts to dispute the debt through federal channels and directly with the Texas OAG, with no success. He has **never received verification or supporting documents** for the alleged debt.

11. Defendant continues to report or maintain this debt as valid despite knowing, or recklessly disregarding, the fact that it is **unvalidated**, **disputed**, and **not judicially enforceable**.

12. In or around 2024, Plaintiff applied for a U.S. passport and paid the required application fees.

13. Plaintiff received a letter from the U.S. Department of State denying his application, citing a certification by HHS that he owed more than $2,500 in past-due child support.

14. The certification originated from the Nevada Division of Welfare and Supportive Services, which submitted Plaintiff's name to HHS without providing him:

    - A copy of the debt
    - Notice of the intent to certify
    - An opportunity to challenge the certification administratively or in Court

15. Plaintiff has consistently disputed the existence and amount of any child support debt and has never been adjudicated in a forum that provided proper notice, hearing, or opportunity to contest the claim.
16. The certification caused Plaintiff to be denied a passport, which has in turn denied him job opportunities and caused emotional, financial, and reputational harm.
17. Plaintiff has made repeated attempts to obtain clarification or challenge the certification, without success.
18. Plaintiff has not received any final determination that is reviewable under the APA, nor is he challenging a federal agency in this action.

## V. CLAIMS FOR RELIEF

### COUNT One: Violation of the Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681s-2(b)

19. Plaintiff re-alleges the prior paragraphs.
20. Defendant is a **furnisher of information** under the FCRA.
21. Plaintiff disputed the reported debt with one or more CRAs.
22. Defendant received notice of the dispute from a CRA and failed to:

- Conduct a reasonable investigation,
- Correct inaccurate or unverifiable information, and
- Notify the CRA of any resolution.

23. Defendant's failure to fulfill its duties under 15 U.S.C. § 1681s-2(b) has caused Plaintiff harm.

### COUNT TWO: Violation of Procedural Due Process – Fourteenth Amendment 42 U.S.C. § 1983

24. Plaintiff re-alleges the prior paragraphs.

25. By certifying Plaintiff for passport denial and/or reporting debt to CRAs **without a valid court order, notice, or hearing**, Defendant violated Plaintiff's Fourteenth Amendment right to procedural due process.

26. Plaintiff has no adequate remedy at law and suffers ongoing irreparable harm.

27. Plaintiff re-alleges all prior paragraphs.

28. By certifying Plaintiff to HHS without providing constitutionally required notice and opportunity to be heard, Defendant violated Plaintiff's procedural due process rights under the Fourteenth Amendment.

29. The denial of a passport affects Plaintiff's liberty interest in international travel and the right to pursue lawful employment, both of which are constitutionally protected.

30. Federal courts have held that due process must be satisfied before state agencies certify child support debts for passport denial.

31. Plaintiff seeks only prospective relief to enjoin ongoing constitutional violations.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that Defendant's continued certification and/or reporting of the alleged debt violates Plaintiff's rights under the FCRA and the Fourteenth Amendment;

B. Issue an injunction prohibiting Defendant from reporting, certifying, or otherwise maintaining this debt unless and until it has been validated through proper legal process;

C. Order Defendant to correct and withdraw any existing reports or certifications;

D. Grant such other and further relief as the Court deems just and proper.

E. Declare that Defendant's certification of Plaintiff to HHS violated the Due Process Clause of the Fourteenth Amendment;

F. Issue an injunction prohibiting Defendant from certifying Plaintiff's name to HHS for passport denial purposes absent full compliance with constitutional due process;

G. Order Defendant to withdraw any existing certification relating to Plaintiff;

**DEMAND FOR JURY TRIAL**.

Plaintiff hereby request a Trial by Jury on all issues raise in this Complaint and Claims pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

Plaintiffs' investigation of the matters alleged herein is ongoing. Pursuant to such investigation and as allowed by the Court, Plaintiffs expressly reserve the right to amend or supplement the claims herein in accordance with Fed.R.Civ.P. 15.

**Dated: this 23rd Day of July 2025.**

*[signature]*

FREDERICK SILVER
21905 MOUNTAIN HWY E UNIT 4143,
SPANAWAY, WA 98387-7583
TEL: (702) 473-0365
E-MAIL: ASCLV1@gmail.com

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Western District of Washington

| | | |
|---|---|---|
| FREDERICK SILVER | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 3:25-cv-05112 |
| RICHARD WHITLEY, In His Official Capacity As Director Of The Nevada Department Of Health And Human Services, Division Of Welfare And Supportive Services | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

    Nevada Department of Health and Human Services
    Richard Whitley, Director (official capacity)
    4150 Technology Way
    Carson City, NV 89706

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    FREDERICK SILVER
    21905 MOUNTAIN HWY E,
    UNIT 4143 SPANAWAY,
    WA 98387-7583
    E-Mail: frederick.silver.litigation@protonmail.com
    Tel: (702) 473-0365

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
                                                                               *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 3:25-cv-05112

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**Print**     **Save As...**                                   **Reset**

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| FREDERICK SILVER | ) |
|---|---|
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| Ken Paxton in his official capacity as Office of the Attorney General of Texas | ) |
| *Defendant(s)* | ) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

    Ken Paxton
    Office of the Attorney General of Texas
    300 W. 15th Street. Austin, TX 78701

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    FREDERICK SILVER
    21905 MOUNTAIN HWY E UNIT 4143,
    SPANAWAY, WA 98387-7583
    TEL: (702) 473-0365
    E-MAIL: frederick.silver.litigation@protonmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❐ I returned the summons unexecuted because _____ ; or

❐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

Print    Save As...                                                                    Reset